Adam M. MULLIN, minors appearing by and through their Guardian Ad Litem, Susan MULLIN; et al., Plaintiffs—Appellants,

v.

**LAS LOMITAS ELEMENTARY SCHOOL DISTRICT; et al., Defendants—Appellees.**

Adam M. Mullin, minors appearing by and through their Guardian Ad Litem, Susan Mullin; et al., Plaintiffs—Appellants,

v.

**Las Lomitas Elementary School District; et al., Defendants— Appellees.**

Nos. 02–16730, 03–15930.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted July 16, 2004.

Decided Aug. 5, 2004.

John A. Shupe, Esq., San Mateo, CA, for Defendant-Appellee.

Before: FERNANDEZ, PAEZ, Circuit Judges, and WEINER, Senior Judge.*

MEMORANDUM **

Plaintiff Adam Mullin appeals the district court's final judgment in favor of the defendants. Adam sued the Las Lomitas School District (the "District"), District administrators, and District teachers alleging that they violated 42 U.S.C. § 1983 by retaliating against him for engaging in speech protected by the First Amendment.[1] The district court determined that the District was entitled to Eleventh Amendment immunity, and accordingly granted the District's motion for summary judgment. A jury rendered a verdict in favor of the remaining defendants. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

■ We agree with the district court that the District is an arm of the state entitled to Eleventh Amendment immunity.[2] Eleventh Amendment immunity extends to "state agencies and state instrumentalities," *Regents of the Univ. of Calif. v. Doe,* 519 U.S. 425, 429, 117 S.Ct. 900, 137 L.Ed.2d 55 (1997), but "does not extend to counties and municipal corporations." *Eason,* 303 F.3d at 1141. To de-

Michael S. Sorgen, Esq., Law offices of Michael Sorgen, San Francisco, CA, Carleton L. Briggs, Esq., Santa Rosa, CA, for Plaintiff-Appellant.

---

* The Honorable Charles R. Weiner, Senior United States District Judge for the Eastern District of Pennsylvania, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. Because the parties are familiar with the facts, we discuss them only as necessary to explain our disposition.

2. We review *de novo* the district court's determination that the District is entitled to Eleventh Amendment immunity. *Eason v. Clark County Sch. Dist.,* 303 F.3d 1137, 1140 (9th Cir.2002).

termine whether an entity is an arm of the state that enjoys this immunity, we employ the following five-factor *Mitchell* test:

■ whether a money judgment would be satisfied out of state funds, [2] whether the entity performs central governmental functions, [3] whether the entity may sue or be sued, [4] whether the entity has the power to take property in its own name or only the name of the state, and [5] the corporate status of the entity.

*Mitchell v. Los Angeles Community College Dist.*, 861 F.2d 198, 201 (9th Cir. 1989). Of these five *Mitchell* factors, the first is the most important. *Belanger v. Madera Unified Sch. Dist.*, 963 F.2d 248, 251 (9th Cir.1992) ("the first factor is predominant"). We held in *Belanger* that California school districts are state instrumentalities because a judgment against a California school district would be satisfied out of state funds, education is a central government function in California, and California school districts have the corporate status of agents of the state. 963 F.2d at 251–54.

Adam contends that this case is distinguishable from *Belanger* because a judgment against the District would be satisfied with local property tax revenue, not with state funds. Under California's unique system of school financing, the state sets a revenue limit for each school district based on the number of students the district serves. If a school district's property tax revenue is less than this revenue limit, the state makes up the difference by providing equalization funding to the district. Unlike most California school districts, however, the District does not receive equalization funding because its property tax revenue exceeds its revenue limit. Thus, Adam reasons, a judgment against the school district would not be satisfied out of state funds, but out of

property tax revenues that are local in character.

Adam's reasoning rests on the assumption that property tax revenue is local money. However, as we explained in *Belanger*, "property tax revenue ... is state money collected for a state purpose" and "is no more local than state income taxes generated from the same area." *Id.* at 252. In other words, the District's property tax revenue is state, not local, money. Consequently, the most important *Mitchell* factor weighs in favor of according the District Eleventh Amendment immunity because a judgment against the District would be "satisfied out of state funds." *Mitchell*, 861 F.2d at 201. Adam does not challenge the *Belanger* court's analysis of the remaining *Mitchell* factors. Therefore, the District is entitled to Eleventh Amendment immunity.

■ Adam also contends that the jury instructions were misleading because they did not clarify that Adam's parents' speech was Adam's speech for purposes of his First Amendment retaliation claim. We disagree. Although Jury Instruction No. 19 instructed the jury to determine whether the defendants retaliated against Adam as a result of Adam's constitutionally protected speech, Jury Instruction No. 20 specified that Adam's parents' complaints were to be considered protected speech. Thus, it was clear that in determining whether Adam suffered retaliation on account of his own speech, the jury could take into account the speech of his parents. We also conclude that, in light of Jury Instruction No. 20, the special verdict form, which asked the jury whether each defendant "retaliate[d] against [Adam] after [Adam] engaged in protected speech," was not misleading. Accordingly, we conclude that the district court did not abuse its discretion in formulating the jury instructions or the special verdict form. *See*

*Thorsted v. Kelly,* 858 F.2d 571, 573 (9th Cir.1988).

AFFIRMED.